# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

PCPA, LLC and PRIME CHOICE BRANDS, LLC,

                          Claimants,

- against -

NORTH SHORE MEAT HOUSE LLC d/b/a PRIME MEATS & PROVISIONS, LOPEZ, CHAFF & WEISMAN ASSOCIATES, INC. a/k/a LCWA a/k/a LCW NOMINEE TRUST, INTERNET & TELEPHONE, LLC a/k/a ITLLC a/k/a ITLLC ACQUISITION CO. PARTNERSHIP, ANTONIO LOPEZ, and ERIC PETERSON a/k/a PETE PETERSON,

                          Respondents.

Case No.

## PETITION FOR ORDER CONFIRMING ARBITRATION AWARD

Petitioners PCPA, LLC and Prime Choice Brands, LLC (collectively, the "Petitioners"), by and through their counsel, respectfully allege:

## JURISDICTION

1. Petitioner PCPA, LLC ("PCPA"), now is, and at all times mentioned was, a limited liability company existing under the laws of the State of Delaware, with its principal place of business at 132 East Mount Avenue, Atlantic Highlands, New Jersey 07716. None of the members of PCPA are residents of the Commonwealth of Massachusetts or the State of New Hampshire.

2. Petitioner Prime Choice Brands, LLC ("Brands"), now is, and at all times mentioned was, a limited liability company existing under the laws of the State of Delaware, with its principal place of business at 132 East Mount Avenue, Atlantic Highlands, New Jersey 07716. None of the members of Brands are residents of the Commonwealth of Massachusetts or the State of New Hampshire.

3. Respondent North Shore Meat House LLC d/b/a Prime Meats & Provisions ("PMP") now is, and at all times mentioned was, a limited liability company existing under the laws of the Commonwealth of Massachusetts, with its principal place of business at 15 Enon Street, Beverly, Massachusetts 01915. All of the members of PMP are residents of the Commonwealth of Massachusetts or the State of New Hampshire.

4. Respondent Lopez, Chaff & Weisman Associates, Inc. a/k/a LCWA a/k/a LCW Nominee Trust ("LCWA") now is, and at all times mentioned was, a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business at 130 Parker Street, Suite 20, Lawrence, Massachusetts 01843.

5. Respondent Internet & Telephone, LLC a/k/a ITLLC a/k/a ITLLC Acquisition Co. Partnership ("ITLLC") now is, and at all times mentioned was, a limited liability company existing under the laws of the Commonwealth of Massachusetts, with its principal place of business at 421 Merrimack Street, Suite 204, Methuen, Massachusetts 01844. All of the members of ITLLC are residents of the Commonwealth of Massachusetts or the State of New Hampshire.

6. Upon information and belief, Respondent Antonio Lopez now is, and at all times mentioned was, a resident of the Commonwealth of Massachusetts with an address at 51 Ayer Street, Methuen, Massachusetts 01844.

7. Upon information and belief, Respondent Eric Peterson a/k/a Pete Peterson now is, and at all times mentioned was, a resident of the Commonwealth of Massachusetts with an address at 141 Rosemont Drive, North Andover, Massachusetts 01845.

8. This Court has jurisdiction over this matter pursuant to the Federal Arbitration Act, 9 U.S.C.A. § 9, and under 28 U.S.C.A. § 1332. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

9. Venue is appropriate in this district pursuant to 9 U.S.C.A. § 9 and by agreement of the parties.

10. This Court has personal jurisdiction over each of PMP, LCWA, ITLLC, Mr. Lopez and Mr. Peterson (collectively, "Respondents") because all Respondents are located in the Commonwealth of Massachusetts.

## BACKGROUND

11. Respondents LCWA and ITLLC and Meat House Franchising, LLC and its affiliates (collectively, "MHF") entered into an area development agreement dated and amended July 17, 2008 (the "ADA"). A copy of the ADA is attached, marked "Exhibit A," and made a part of this Petition.

12. Respondents PMP and MHF entered into a franchise agreement under the terms contained in the standard from franchise agreement incorporated in the Franchise Disclosure Document ("FDD") of MHF (the "Franchise Agreement"). A copy of the Franchise Agreement is attached, marked "Exhibit B," and made a part of this Petition.

13. On or about April 15, 2014, pursuant to an agreement (the "Purchase Agreement") with the secured creditors of Meat House Franchising, LLC and its affiliates (collectively, "MHF"), Petitioner PCPA acquired certain contract rights from MHF, and owns all rights to enforce MHF's franchise agreements and area development agreements – including but not limited to all relevant agreements with Respondents – for a system to operate franchised butcheries under the trade name "The Meat House" (the "TMH System").

14. Petitioner Brands acquired all goodwill and general intangibles of MHF, including but not limited to all intellectual property, rights to the name "Meat House" and any similar name, indicia of origin, trade dress, trade secrets, phone numbers, web-sites, social media accounts, the

trademark "The Meat House Premium Meats Locally Owned Est. 2003" (Federal Trademark Registration No. 3271682) and related trademarks and logos (collectively, the "TMH Marks"), advertising, marketing and/or promotional materials, operating manuals and guidelines, any and all other confidential and/or proprietary information, all of which constitute part of the franchised TMH System.

15. The contract evidences a transaction involving interstate commerce, which is shown by the following facts:

 a. MHF was a limited liability company existing under the laws of the State of New Hampshire, with its principal place of business at 507 State Street, Portsmouth, New Hampshire 03801;

 b. On June 10, 2010, PMP became a "Meat House" franchise part of the TMH System, located in Beverly, Massachusetts;

 c. Subject to exceptions, PMP paid continuing royalty fees and advertising fees to MHF to operate as a "Meat House" franchise from June 10, 2010 through in or about February 2014; and

 d. PMP operated its store using trademarks and other intellectual property of MHF, which was acquired by Petitioner Brands on April 15, 2014.

16. Each of the ADA and Franchise Agreement contains an arbitration provision providing, in pertinent part:

> If the parties have not resolved a dispute arising out of or relating to [the ADA or your operation of the Franchised Business or the Franchise Agreement, respectively] by negotiation, mediation, internal appeal procedures, or otherwise (which the parties will make a diligent effort to do), the parties agree that the dispute shall be referred to arbitration to the American Arbitration Association in New Hampshire before a single arbitrator who shall be located in New Hampshire and have at least five (5) years experience. The award of the Arbitrator shall be final and judgment

upon the award rendered in Arbitration may be entered in any court having jurisdiction thereof […]

17. On March 11, 2014, the following controversy arose out of the agreements: Respondents improperly terminated their franchise relationship with MHF, of which was acquired by Petitioner PCPA.

18. Section 16(d) of the Franchise Agreement provides, in pertinent part, that the franchisee may terminate the Franchise Agreement only under the following circumstances:

> If we [MHF] materially breach this Agreement, you [Respondents] have the right to terminate this Agreement if we do not cure the breach within thirty (30) day after we receive a written notice of default from you. However, if the breach cannot be reasonably cured within thirty (30) days, you have the right to terminate this Agreement if, after our receipt of a written notice of default from you, we do not within thirty (30) days undertake and continue our efforts to cure the breach until completion.

19. On March 11, 2014, Respondents' counsel sent a termination notice to MHF without providing MHF a thirty day period to cure.

20. The alleged breaches set forth in Respondents' March 11, 2014 letter failed to amount to material breaches of the Franchise Agreement.

21. On March 16, 2015, Petitioners filed a statement of claim and demand for arbitration with the American Arbitration Association ("AAA") for breaches of contract, as well as, trademark infringement, unfair competition, and false designation of origin.

22. On or about May 15, 2015, Respondents filed an answer with counterclaims.

23. On or about June 23, 2015, the parties agreed that Jonathan W. Fitch would be the sole arbitrator to hear their dispute, and that the AAA had jurisdiction to decide all claims asserted in the pleadings in the arbitration, with exception to the claims against Mr. Lopez and Mr. Peterson, which were subsequently dismissed. A copy of the Case Management Order No. 1, which

memorializes the parties' agreement to arbitrate, is attached, marked "Exhibit C," and made a part of this Petition.

24. On or about December 10, 2015, the parties agreed to hold the arbitration hearings at the AAA offices in Boston, Massachusetts.

25. The arbitration hearings were held from February 2 through February 4, 2016.

26. On March 18, 2016, Arbitrator Fitch, having held hearings at which all parties appeared, and on all the evidence presented at the hearings, made his award in writing and, after acknowledging it, delivered it to the parties. A copy of the award is attached, marked "Exhibit D," and made a part of this Petition.

27. The award of Arbitrator Fitch in the amount of $696,899.48 and the award of fees and expenses of the AAA previously incurred and paid by Petitioners in the amount of $39,830.00 are still due and owing to Petitioners by Respondents.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, Petitioners move:

1. That an order of this Court be entered confirming Arbitrator Fitch's award;

2. That judgment be entered in conformity with the award;

3. That Petitioners be allowed the costs incurred; and

4. That Petitioners be award such other and further relief as may be proper.

                PCPA, LLC and PRIME CHOICE BRANDS, LLC

                By their attorneys,

                /s/ Steven C. Reingold

                _____
                Steven C. Reingold (BBO No. 638649)
                JAGER SMITH P.C.
                One Financial Center
                Boston, Massachusetts 02111
                telephone: (617) 951-0500
                facsimile: (617) 951-2414
                email: sreingold@jagersmith.com

                      and

                James A. Goniea (pro hac vice application forthcoming)
                David M. Chaise (pro hac vice application forthcoming)
                EINBINDER DUNN & GONIEA LLP
                112 Madison Avenue, 8th Floor
                New York, New York 10016
                telephone: (212) 391-9500
                facsimile: (212) 391-9025
                email: jag@edglawfirm.com
                      dc@edglawfirm.com

Dated: March 22, 2016